DOLORES CARRERAS, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1524. Argued June 14, 1943.—Decided July 31, 1943.

*Edgar S. Belaval* and *Manuel García Cabrera* for petitioner. *Carlos de Vázquez* for respondent.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On February 10, 1943, the Municipal Court of San Juan, Third Section, rendered judgment for plaintiff in an action of unlawful detainer brought by Dolores Carreras against Julio Díaz. Notice of the judgment was served on the parties February 15, 1943. Two days afterward the plaintiff filed a motion for reconsideration of the judgment and the court, without setting it for hearing or hearing the parties, denied it on March 4th by an order which was notified on the 8th of the same month. On the following day, March 9th, the plaintiff took an appeal to the District Court of San Juan.

After the transcript of record had been filed the defendant moved to dismiss the appeal on the ground that the same had not been timely taken. The district court, after hearing the parties, first denied the dismissal sought, but, on a motion for reconsideration, it sustained the motion for dismissal on the ground that the provisions of §292 of the Code of Civil Procedure, as amended by Act No. 67, approved May 8, 1937, are applicable to motions for reconsideration filed in the municipal courts.

In order to review that action of the lower court the petitioner instituted the present certiorari proceeding and we issued the writ and heard the parties.

Section 292 of the Code of Civil Procedure, as amended by Act No. 67 of 1937, provides as follows:

"Section 292.—A judgment or order in a civil action, except when expressly made definite and final, may be reviewed as prescribed in this Code, and not otherwise.

"Any party aggrieved by a judgment or resolution of a district court in a civil action may, within the unextendible term of fifteen (15) days from the date of the filing in the case of a copy of the notification of the judgment, or within the unextendible term of five (5) days from the date of the filing in the case of a copy of the notification that judgment has been rendered, file in the court where the judgment or resolution was rendered, an *ex-parte* petition for the review or reconsideration of its judgment or resolution, stating therein the facts and the fundamentals of law on which the application is based. The court shall decide the motion for reconsideration within five (5) days after it is filed, and if the court rejects the petition outright, the term for appealing from the judgment or resolution whose review is applied for shall be computed in the manner provided in this Code, as if no petittion for review or reconsideration had been presented. If the court decides to reconsider its judgment or resolution, or to hear the parties on the motion for reconsideration, the term for appealing shall be computed from the date of the filing, as part of the record of the case, of a copy of the notification made by the secretary of the court to the party against whom the final decision of the court was rendered."

The petitioner argues that the second paragraph of §292, *supra,* which was the amendment introduced in 1937, expressly refers to the district courts, and as the language of the statute is clear it can not be extended by judicial interpretation so as to include the municipal courts. She further maintains that the terms of 15 and 5 days mentioned in the amendment make it inapplicable to judgments rendered by the latter courts.

We think that the petitioner is not correct.

In *Pérez* v. *District Court,* 54 P.R.R. 780, we impliedly decided that §292, *supra,* as amended, is applicable to the municipal courts when we stated that a motion to set aside a judgment is for all legal purposes a motion for reconsideration, and that, as the same had been entertained and no dismissed outright by the municipal court, it operated to suspend the time for appeal which should be computed from the date on which said court denied the motion; and that, therefore, the district court had erred in dismissing the appeal taken.

We say that this question was impliedly decided because the inapplicability of §292, *supra,* to the municipal courts was not expressly raised in that case as has been done by the petitioner herein. Nevertheless, we ratify the conclusion reached by us in the *Pérez* case, *supra.*

Prior to the 1937 amendment to §292 of the Code of Civil Procedure, this court, following the decision of the Circuit Court of Appeals for the First Circuit in *Saurí* v. *Saurí,* 45 F. (2d). 90 had held in several cases (*Municipality* v. *García,* 46 P.R.R. 384; *Grand District Lodge, etc.* v. *Victor Rojas Lodge, Inc.,* 48 P.R.R. 804; and *Dávila* v. *Collazo,* 50 P.R.R. 475), that a motion for reconsideration suspended the term for appeal. However, in *Dávila* v. *Collazo, supra,* we said:

"It is true that the extent and effect given to the filing of a motion for reconsideration of a judgment by the authorities which

we have cited, lends itself to dilatory tactics upon the part of losing litigants, interested in deferring indefinitely the execution of a judgment. This court is the first to recognize the necessity of some legislative action to correct the evil which we have pointed out and which will define in unequivocal terms the procedure for securing reconsideration of judgments or orders entered by insular courts and the effect and extent which ought to be given to the presentation of a motion for reconsideration.

"Until the legislature takes action upon this point, this Supreme Court will consider itself obliged to follow the rule laid down by the Circuit Court in *Saurí* v. *Saurí, supra*."

Ten months after the above decision was rendered, the Legislature amended §292 in the form which we have already transcribed.

Now, the fact that in the amendment specific reference is made to the district courts does not mean that the same may not be applicable to the municipal courts, for according to §3 of the Act of 1904, reorganizing the judiciary of Puerto Rico, in creating the municipal courts it was provided "that all the proceedings in said municipal courts must be conducted according to the rules and proceedings in force in the district courts."

Thus, in *Rivera* v. *Aybar*, 32 P.R.R. 504, we held that §§75 to 86, inclusive, of the Code of Civil Procedure, governing the place of trial and determining when cases should be transferred from one district court to another, were applicable to the municipal courts; and in *Pacheco* v. *Becerra*, 28 P.R.R. 719, we held that §89 of the same code, in so far as it refers to the time within which a defendant who has been served with summons within the district in which the action is brought must plead to the complaint, was also applicable to the municipal courts in accordance with the Act of 1904, *supra*.

The application of §292 as amended, *supra*, to the municipal courts establishes a uniform procedure for all courts in connection with motions for reconsideration and tends to

carry out the rule suggested by us in *Dávila* v. *Collazo, supra.*

The contention of the petitioner that the terms fixed by §292 are in conflict with those fixed for the appeals taken from the municipal courts to the district courts is not decisive. A similar situation arises with respect to the time for appeal fixed by §11 of the Unlawful Detainer Act (§630, Code of Civil Procedure), to wit, five days, which is the same for the municipal courts as well as for the district courts; yet, in *Ramos* v. *Avilés,* 58 P.R.R. 727, which was a case of unlawful detainer, we held that §292 was applicable and denied a motion to dismiss the appeal because "before the term to appeal had elapsed, the plaintiff moved for the reconsideration of the judgment, and this motion was denied after a hearing had been set, and the parties heard, the appeal having been filed four days after the plaintiff was notified of this last order."

And in *Fabián* v. *Rodríguez,* 53 P.R.R. 427, also a case of unlawful detainer, it was held, to quote from the syllabus, that: "where a motion for reconsideration is simply denied it does not have the effect of interrupting the running of the term for taking the appeal."

So that in the municipal courts as well as in the district courts a motion for reconsideration of a judgment may be filed pursuant to §292, *supra;* but it is incumbent on the party who files such motion to do so within the term for appeal and if the court fails to grant the same or to summon the parties for a hearing within said term, it is the duty of the moving party to take an appeal before the expiration of the said term, for, as we held in *Concepción* v. *Latoni,* 59 P.R.R. 663, ratifying our decision in *Las Monjas Racing Corp.* v. *Insular Racing Commission,* 52 P.R.R. 432: "Where the trial court does not hear the parties on a motion for reconsideration of a judgment presented to it, and peremptorily denies the same, the motion does not operate to suspend or extend the time for taking an appeal." (Syllabus.)

The petitioner in her brief admits that if §292 of the Code of Civil Procedure, *supra,* is applicable to the instant case "the notice of appeal was untimely filed" and, this being so, the writ issued must be discharged and the petition denied.